IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

BRIAN J. WEBB,
ADC #141031                                                                 PLAINTIFF

v.                                          5:10CV00047JMM/JTK

WENDY KELLEY, et al.                                                        DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Court Judge James M. Moody.  Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.   Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.       Why the record made before the Magistrate Judge is inadequate.

2.       Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

1

3.    The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## **DISPOSITION**

This matter is before the Court on plaintiff's motion for temporary restraining order, preliminary injunction and declaratory judgment, which this Court construes as a motion for preliminary injunctive relief (Doc. No. 7). Defendants have filed a response in opposition to the motion (Doc. No. 40).

The standard in this circuit for reviewing a motion for a preliminary injunction was established in Dataphase Systems, Inc. v. C.L. Systems, Inc., 640 F.2d 109, 113 (8th Cir. 1981) (en banc). The Court must consider the following factors:

(1) the threat of irreparable harm to the movant; (2) the state of balance between the harm and the injury that granting the injunction will inflict on the other party litigants; (3) the probability that movant will succeed on the merits; and (4) the public interest.

Id. No single factor is dispositive, but the movant must establish a threat of irreparable harm. Id. Without a finding of irreparable injury, a preliminary injunction should not be issued. Modern Computer Sys., Inc. v. Modern Banking Sys., Inc., 871 F.2d 734, 738 (8th Cir. 1989) (en banc).

In <u>Goff v. Harper</u>, 60 F.3d518, 520-21 (8th Cir. 1995), the court addressed the district court's role in inmate applications for injunctive relief as follows:

> [I]n the prison context, a request for injunctive relief must always
> be viewed with great caution because judicial restraint is especially
> called for in dealing with the complex and intractable
> problems of prison administration...[t]he courts should not get involved
> unless either a constitutional violation has already occurred or the threat
> of such a violation is both real and immediate.

Plaintiff is a state inmate incarcerated at the Diagnostic Unit of the Arkansas Department of Correction (ADC). He filed this action while incarcerated at the East Arkansas Regional Unit of the ADC, alleging defendants are deliberately indifferent to his serious medical and mental health needs. In the present motion, plaintiff states he is a danger to himself and has attempted suicide on numerous occasions. Plaintiff asks that he be provided with mental health treatment.

In response, defendants state plaintiff's motion is now moot, because after the filing of his complaint and the present motion, he was transferred to the Special Programs Unit at the Diagnostic Unit where he is being closely supervised. Defendants also deny plaintiff's allegation that they are not providing him with appropriate mental health treatment. Defendants add that plaintiff no longer has any contact with any of the defendants, with the exception of defendant Kelley, where any interaction will be limited to grievance responses.

In light of defendants' response to plaintiff's motions, the <u>Dataphase</u> considerations, and the standard set forth in <u>Goff</u>, <u>supra</u>, the Court finds plaintiff has not alleged sufficient facts to support a finding of irreparable harm so as to require a hearing under the <u>Dataphase</u> factors, and therefore, his motion will be denied. Accordingly,

3

IT IS, THEREFORE, ORDERED that plaintiff's motion for temporary restraining order, preliminary injunction, and declaratory judgment, which this Court construes as a motion for preliminary injunctive relief (Doc. No. 7) is hereby DENIED.

IT IS SO ORDERED this 7th day of May, 2010.

_____
United States Magistrate Judge